Vache Thomassian, Esq., State Bar No.: 289053
vache@kjtlawgroup.com
Caspar Jivalagian, Esq., State Bar No.: 282818
caspar@kjtlawgroup.com
Levon Shant Yepremian, Esq., State Bar No.: 327709
levon@kjtlawgroup.com

KJT LAW GROUP, LLP
230 N. Maryland Avenue, Suite 306
Glendale, California 91206
Telephone: 818-507-8525
Facsimile: 818-507-8588

Attorneys for Plaintiff Cynthia Alvarado

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/07/2025 6:53 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| CYNTHIA ALVARADO, individually and on behalf of other aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>LAUFER GROUP INTERNATIONAL, a California business organization; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 25LBCV00043<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;<br>2. FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;<br>3. FAILURE TO ENGAGE IN THE INTERATIVE PROCESS IN VIOLATION OF FEHA; AND<br>4. RETALIATION IN VIOLATION OF FEHA |

1
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. Plaintiff Cynthia Alvarado ("Plaintiff") brings this action pursuant to California statutory, decisional, and regulatory laws against Defendants Laufer Group International, and Does 1-20 (collectively, "Defendants"). Plaintiff was employed by Defendant Laufer Group International ("Laufer"), at all times herein mentioned.

2. Plaintiff alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law and regulations.

## II. THE PARTIES

3. At all times herein mentioned, Plaintiff is and has been a resident of the City of Long Beach, County of Los Angeles, State of California.

4. Defendant Laufer, is and at all times herein mentioned has been a New York business organization with the capacity to sue, and be sued, and doing business, with a principal place of business located at 20 Vesey Street, Suite 60, New York, New York 10007.

5. Plaintiff is unaware and ignorant of the true names and capacities of Defendants sued herein as **Does 1 through 20**, inclusive, and for that reason sues said Defendants by such fictitious names (the "Doe Defendants").

6. At all times herein relevant, Defendant Laufer and the Doe Defendants, and each of them, were the agents, partners, joint-venturers, joint employers, alter-egos, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at times relevant hereto were acting with the course and scope of theirs authority as such agents, partners, joint-venturers, joint employers, alter-egos, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each Defendants designated herein. Plaintiff is informed and believes, and based thereon alleges that the acts of each Defendant is legally attributable to the other Defendants.

7. Plaintiff is informed and believes, and based thereon alleges that each of the Doe Defendants are legally responsible for the events and happenings referred to in this Complaint, and

unlawfully caused the injuries and damages to Plaintiff as alleged in this Complaint. Plaintiff will file and serve an amendment to this Complaint alleging the true names and capacities of the Doe Defendants when such true names, capacities, and involvement is ascertained.

## III. JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court by virtue of the California Statutes, decisional law and regulations, and the local rules under the Los Angeles County Superior Court Rules.

9. Venue is proper in this Court, because Defendants transact business in the County of Los Angeles, including operating a principal place of business in the state of California and the United States.

## IV. FACTUAL ALLEGATIONS

10. In or around September 2022, Plaintiff was hired with Defendant. Plaintiff was an exemplarily employee throughout her employment with Defendant.

11. In or around July 2023, Plaintiff was involved in an automobile accident. As a result of the accident, Plaintiff began suffering from severe migraine headaches.

12. In or around August 2023, Plaintiff submitted a request for accommodations to managers, David Puentes ("Puentes") and Christina Morales ("Morales"). Plaintiff initially requested an accommodation to work remotely but her request was denied. As such, Plaintiff requested that her shift begin at an earlier time as she needed to attend physical therapy appointments due to her injuries from her car accident.

13. Upon her request for accommodation, Plaintiff felt a drastic shift in the way she was being treated by her managers. Puentes and Morales began a pattern of micromanaging and harassing Alvarado throughout the next several months.

14. On October 20, 2023, Plaintiff submitted a detailed complaint to Defendant's Director of Human Resources, Brian Kalmaer.

15. In or around November 2023, Plaintiff had severe migraine episode at work and had to be hospitalized. Plaintiff was placed off of work on November 15 and 16, 2024.

16. On November 17, 2023, Plaintiff had a phone meeting with Mr. Kalmaer. She again notified him of her concerns and the retaliatory conduct she was experiencing. Mr. Kalmaer

confirmed to her that her job was not in danger, and that Defendant was committed to growing the Long Beach office.

17. On January 8, 2024, Plaintiff had another severe migraine episode while at work. She began throwing up and Plaintiff's co-worker called 911. Plaintiff was placed on a gurney and taken to the hospital in an ambulance. Plaintiff's doctor placed Plaintiff her off from work on January 8, 2024 and January 9, 2024.

18. On January 12, 2024, Plaintiff was terminated.

19. Plaintiff has timely filed a Complaint of Discrimination with the California Civil Rights Department and obtained a Right to Sue letter dated July 8, 2024. As such, Plaintiff has exhausted her administrative remedies to pursue claims under the Fair Employment and Housing Act.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Disability Discrimination in Violation of FEHA
(By Plaintiff Against Defendants)

20. Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein.

21. Defendant Verda is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA. At all times here mentioned in this complaint, Government Code § 12940 and Government Code § 12926.1 were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms.

22. Plaintiff is, and all times herein mentioned, was an "employee" who suffers from a "disability" as defined by Government Code § 12926, et seq. and § 12940 et seq. and California Code of Regulations, Title 2, which limits one or more major life activities.

23. Plaintiff was fully qualified and competent to perform the duties of her position with a reasonable accommodation.

24. Defendants' adverse actions, including, but not limited to, terminating Plaintiff, were at least in part, in retaliation of Plaintiff's disability and request for accommodations.

25. But for Plaintiff's disability, Defendant would not have taken the adverse action of

4

1  terminating him.

2  26.  As a direct and legal result of Defendant's conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, employment benefits, emotional distress, as well as, medical expenses, future medical expenses and attorneys' fees, all to her damage in an amount according to proof.

27.  These actions justify the imposition of punitive damages in that Defendants committed the acts alleged herein, maliciously, fraudulently, and oppressively, with the wrongful termination injuring Plaintiff, from improper motives amounting to malice. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

28.  Plaintiff has timely filed a Complaint of Discrimination with the California Civil Rights Department and obtained a Right to Sue letter dated July 8, 2024. As such, Plaintiff has exhausted her administrative remedies to pursue claims under the Fair Employment and Housing Act.

## SECOND CAUSE OF ACTION
### Failure to Accommodate in Violation of FEHA
(By Plaintiff Against Defendants)

29.  Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein.

30.  Plaintiff, at all relevant times herein, suffered a FEHA protected disability.

31.  Defendants were aware of Plaintiff's disability, as set forth above, because Plaintiff informed Defendants.

32.  Defendant has an affirmative duty under FEHA to reasonably accommodate disabled workers.

33.  As a direct and legal result of Defendant's conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, employment benefits, emotional distress, as well as, medical expenses, future medical expenses and attorneys' fees, all to her damage in an amount according to proof.

5

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

34. Said discrimination and/or refusal to accommodate/engage in interactive process was wrongful and justifies the imposition of punitive damages since refusing to accommodate Plaintiff's work restrictions was against public policy. Defendants intentionally failed to accommodate Plaintiff, acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendants acted with an evil purpose, in an intentional and deliberate manner, in violation of Plaintiff's civil rights, and/or with a conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages in an amount according to proof from Defendants and each of them.

35. Instead of providing reasonable accommodations, and despite Plaintiff providing a doctor's note detailing her disability, Defendant Verda refused to accommodate Plaintiff, and instead terminated her employment.

36. Plaintiff has timely filed a Complaint of Discrimination with the California Civil Rights Department and obtained a Right to Sue letter dated July 8, 2024. As such, Plaintiff has exhausted her administrative remedies to pursue claims under the Fair Employment and Housing Act.

### THIRD CAUSE OF ACTION
#### Failure to Engage in the Interactive Process in Violation of FEHA
(By Plaintiff Against Defendants)

37. Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein.

38. Plaintiff, at all relevant times herein, suffered a FEHA protected disability.

39. Defendants were aware of Plaintiff's disability, as set forth above, because Plaintiff informed Defendants.

40. Instead of providing reasonable accommodations, and despite Plaintiff providing a doctor's note detailing her disability, Defendant Verda refused to accommodate Plaintiff, and instead terminated her employment.

41. Defendants did not engage in a timely, good faith interactive process with Plaintiff to find an accommodation for Plaintiff's disability.

42. Plaintiff did not cause the breakdown of the interactive process with Defendants.

Rather, Defendants caused the breakdown in the interactive process with Plaintiff when it refused to provide Plaintiff accommodations for her disability.

43. As a direct and legal result of Defendant's conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, employment benefits, emotional distress, as well as, medical expenses, future medical expenses and attorneys' fees, all to her damage in an amount according to proof.

44. Said discrimination and/or refusal to accommodate/engage in interactive process was wrongful and justifies the imposition of punitive damages since refusing to accommodate Plaintiff's work restrictions was against public policy. Defendants intentionally failed to accommodate Plaintiff, acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendants acted with an evil purpose, in an intentional and deliberate manner, in violation of Plaintiff's civil rights, and/or with a conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages in an amount according to proof from Defendants and each of them.

45. Plaintiff has timely filed a Complaint of Discrimination with the California Civil Rights Department and obtained a Right to Sue letter dated July 8, 2024. As such, Plaintiff has exhausted her administrative remedies to pursue claims under the Fair Employment and Housing Act.

## FOURTH CAUSE OF ACTION
### Retaliation in Violation of FEHA
(By Plaintiff Against Defendants)

46. Plaintiff incorporates by reference and re-alleges paragraphs set forth above as though set forth fully herein.

47. This cause of action is brought pursuant to the FEHA, Gov. Code, § 12940(h) preventing Defendants from discharging or otherwise discriminating against an employee, such as Plaintiff, for exercising rights under the FEHA.

48. Defendants' adverse actions, including, but not limited to, Plaintiff's termination, were at least in part, in retaliation for her protected activity of requesting accommodations in the

workplace.

49. As a direct and legal result of Defendant's conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, employment benefits, emotional distress, as well as, medical expenses, future medical expenses and attorneys' fees, all to her damage in an amount according to proof.

50. Said retaliation was wrongful and justifies the imposition of punitive damages since refusing to accommodate Plaintiff's work restrictions was against public policy. Defendants intentionally failed to accommodate Plaintiff, acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendants acted with an evil purpose, in an intentional and deliberate manner, in violation of Plaintiff's civil rights, and/or with a conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages in an amount according to proof from Defendants and each of them.

51. Plaintiff has timely filed a Complaint of Discrimination with the California Civil Rights Department and obtained a Right to Sue letter dated July 8, 2024. As such, Plaintiff has exhausted her administrative remedies to pursue claims under the Fair Employment and Housing Act.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff, prays for an award and judgment against Defendants jointly and severally, as follows:

1. For damages according to proof, including loss of earnings and other employment benefits;
2. For general damages, according to proof;
3. For other special damages, according to proof, including but not limited to reasonable medical expenses
4. For punitive damages, according to proof;
5. For prejudgment interest on lost wages and benefits;
6. For costs incurred by Plaintiff, including reasonable attorney's fees and costs of suit, in obtaining benefits due to Plaintiff and for violations of Plaintiff's civil rights through

1      the **FEHA**, as set forth above; and

2      7.    For such other and further relief as the Court deems appropriate.

4    DATED: January 7, 2025           **KJT LAW GROUP, LLP**



Vache Thomassian, Esq
Caspar Jivalagian, Esq.
Levon Shant Yepremian, Esq.
Attorneys for Plaintiff Cynthia Alvarado

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED: January 7, 2025

KJT LAW GROUP, LLP

_____
Vache Thomassian, Esq
Caspar Jivalagian, Esq.
Levon Shant Yepremian, Esq.
Attorneys for Plaintiff Cynthia Alvarado